CHARLES D. JOHNSON *et al.* Exrs.

*v.*

JOHN DAVIDSON *et al.*

*Filed at Mt. Vernon June 12, 1896.*

1. ACTION—*filing of bill is the commencement of suit in equity.* Under the statute (1 Starr & Curtis, chap. 22, sec. 4, p. 393,) the filing of the bill is the commencement of a suit in equity.

2. LIMITATIONS—*effect of possession under mortgage after condition broken.* Possession taken under a mortgage before foreclosure because of failure to pay interest or other breach of its terms, is not under such claim and color of title as, with payment of taxes for seven years, would bar an action for partition.

3. EXECUTORS AND ADMINISTRATORS—*administrators have no power* . *to mortgage lands of the estate.* A court of equity will not sustain a title derived under a mortgage made by an administrator to raise money to pay debts of the estate, even though the money borrowed is honestly applied to the payment of such debts.

APPEAL from the Circuit Court of Effingham county; the Hon. S. Z. LANDES, Judge, presiding.

GILMORE & GILMORE, and B. F. KAGAY, for appellants.

W. S. HOLMES, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was a bill filed in the circuit court of Effingham county by appellees, against appellants, seeking to partition certain lands, alleging complainants to be owners of the undivided one-half as heirs-at-law of Jonathan Martin, deceased, and defendants of the other half, derived from certain other heirs of said deceased. Upon the facts set forth in the bill complainants were clearly entitled to partition and to the other relief prayed. Three defenses were interposed by defendants: First, the seven year statute of limitations, alleging that they had color of title to the property sought to be divided, and had been in possession thereunder, paying taxes, for the period of seven years prior to the commencement of the action; second, that complainants' parents had received their part of the ancestor's estate by way of advancement, and therefore their children no longer had any claim upon the estate as heirs; and third, that the two sons of the ancestor mortgaged the whole property to pay debts due from the estate, and that defendants derived title through that mortgage. Upon the hearing a decree was entered granting the prayer of the bill, and defendants prosecute this appeal.

The first defense fails for want of proof of title obtained, possession taken, and payment of taxes there-

under for seven years prior to the commencement of this cause. This defense is based upon the claim that under mortgage executed by the sons of the ancestor, David Martin and Thomas Martin, appellants derived title to the whole of the property, and they insist that they took possession of the same under the mortgage more than seven years prior to the bringing of this suit, and remained in possession, paying all taxes assessed thereon, etc. It is admitted that the bill in this cause was filed within seven years after the taking of possession, as claimed; but appellants insist that the filing of a bill is not the commencement of a suit in equity, within the meaning of the Statute of Limitations, claiming that the action is not properly commenced until a summons is issued and placed in the hands of the sheriff. We do not so understand the law. Under our statute the filing of the bill is the commencement of a suit in equity. (1 Starr & Curtis, sec. 4, chap. 22, p. 393.) It is the duty of the clerk, upon the filing of the bill, to issue process and place it in the hands of the sheriff. Even had the law been as is contended, it would avail nothing here, as the defendants (appellants here) entered their appearance in the cause without service of summons upon them, and wholly failed to show title and possession for a period of seven years prior to that time. Both the answer and testimony show that they did not take possession until the execution and delivery of the master's deed under a decree of foreclosure of the mortgage, which was July 5, 1886, and the record shows their appearance in the cause was entered on the 18th day of October, 1892; hence, between the dates of taking possession and the entry of appearance there was less than seven years. Even if the allegation and proof had been that possession was taken under the mortgage before foreclosure, because of a failure to pay interest due or for other breach, the possession would not have been under such

claim and color of title, with payment of taxes, as would bar this action.  *Robbins* v. *Moore*, 129 Ill. 30.

As to the second defense, the answer alleges that the advancement was in writing and accepted in writing, as required by the statute of 1872, but there is no pretense of proof of such writing.  An attempt is made by counsel for appellants to avoid this difficulty by insisting that the arrangement, which they claim was the giving of certain lands to the parents of complainants in full of their part of the estate, was in the nature of a family settlement.  No such case is alleged in the answer, and there is no sufficient proof to sustain it if it had been properly alleged.

The third defense is also without support in the testimony.  The argument on behalf of appellants seems to proceed upon the supposition that an administrator may bind the heirs by his mortgage of real estate for the purpose of raising money with which to pay the debts of the ancestor, and that a court of equity will sustain the mortgage, or a title derived under it, if it be shown that the borrowed money was honestly applied to the payment of debts.  No authority is cited in support of this position, and none, we believe, can be found.  Nor is that position set up in the answer.  The allegation there is, that the money was borrowed and used at the request and with the consent of complainants or their parents, and that the statement of the administrator showing such use of the funds was approved by them.  The proof wholly fails to support any such case.

In the argument appellants insist that complainants were estopped by matters *in pais* from asking the relief prayed in the bill.  There is nothing in the record, so far as we are able to discover, upon which such contention can be properly based.

We find no reversible error in the record, and the decree of the circuit court will be affirmed.

*Decree affirmed.*