F. J. BERRY *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1901.*

1. SPECIAL ASSESSMENTS—*what does not show that an estimate was not made ten days before public hearing.* Under section 9 of the Local Improvement act of 1897 the recommendation of the improvement board is *prima facie* evidence that an estimate of cost was made ten days before the public hearing, as required by section 7, and such *prima facie* evidence is not overcome by the fact that the estimate accompanying the ordinance and made under the provisions of section 10 bears the date of the passage of the ordinance.

2. SAME—*that view of the facts which will support the ordinance is preferred.* If the facts shown are susceptible of two constructions, one of which will support and the other defeat the ordinance, the former will be adopted.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

SAMUEL J. HOWE, for appellants.

CHARLES M. WALKER, Corporation Counsel, and ROBERT REDFIELD, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment for defraying the cost of curbing, grading and paving Michigan avenue from Ninety-ninth street to One Hundred and Ninth street, in the city of Chicago.

It is urged by appellants that the ordinance providing for said improvement is void, first, because said ordinance is unreasonable; and second, because the board of local improvements did not cause an estimate of the cost of the proposed improvement to be made ten days before the public hearing.

The first contention is not covered by the objections filed in the county court, nor is it included in the assignment of errors. In *Skakel* v. *People*, 188 Ill. 291, on page 294 we say: "Every error must be specifically pointed out in the assignment of errors (*Swift & Co.* v. *Fue*, 167 Ill. 443,) so clearly that from the showing error is manifest, (*Gibler* v. *City of Mattoon*, 167 Ill. 18,) and an error not assigned is not open to review.—*Gilbert* v. *Maggord*, 1 Scam. 471; *Jackson* v. *Warren*, 32 Ill. 331; *Thayer* v. *Peck*, 93 id. 357; *Diversey* v. *Johnson*, id. 547; *Page* v. *People*, 99 id. 418."

And in our opinion the second contention is not supported by the record. Section 7 of the act concerning local improvements, passed June 14, 1897, (Hurd's Stat. 1899, chap. 24, p. 362,) requires that an estimate of the cost of the proposed improvement be made and that it be incorporated in the resolution passed by the board, which resolution shall be passed ten days before the public hearing. There is no evidence in the record to show that the estimate required by said section was not made and incorporated in the resolution which was passed ten days before the public hearing, and therefore ten days before the passage of the ordinance. Section 9 of said Improvement act provides: "With any such ordinance, presented by such board to the city council or board of trustees, shall be presented also a recommendation of such improvement by the said board, signed by at least a majority of the members thereof. The recommendation by said board, shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with, and if a variance be shown on the proceedings in the court, it shall not affect the validity of the proceed-

ing, unless the court shall deem the same willful or substantial."

On the trial of the cause the appellee introduced the formal proofs, including the recommendation of the board of local improvements. This was *prima facie* evidence that all the preliminary requirements of the law, including the estimate of the cost of the proposed improvement, had been complied with, and the case thus made was not overcome by reason of the fact that the estimate attached to the ordinance bears the date of the passage of said ordinance. The estimate which accompanied the ordinance and bore the date of the passage thereof was made in accordance with the provisions of section 10 of said improvement act. While the estimate provided for in section 7 of said act must agree in amount with the estimate provided for in section 10, (*City of Chicago* v. *Wilder*, 184 Ill. 397,) it does not necessarily follow that they will bear the same date. The estimate provided for in section 10 must necessarily be made subsequent to the estimate provided for in section 7. The fact, therefore, that the estimate provided for in section 10 bears date on the same day as that of the passage of the ordinance does not prove, or even tend to prove, that the estimate provided for in section 7 was not made. The presumption is always in favor of the validity of a statute or ordinance passed in pursuance of competent legal authority. If the facts shown are susceptible of two constructions, one of which will support and the other defeat the statute or ordinance, the former will be adopted. (*Harmon* v. *City of Chicago*, 140 Ill. 374.) No proof having been made by the appellants on the trial that the preliminary requirements, including the causing of an estimate to be made ten days before the public hearing, had not been complied with, the presumption obtains that said estimate was properly made and in due time.

The judgment of the county court will be affirmed.

*Judgment affirmed.*