<hr/>

## Frank Koutnik, Appellee, v. Margaret Cody et al., Appellants.

## Gen. No. 14,542.

1. APPEALS AND ERRORS—*when assignments of error not considered.*   Assignments of error will not be considered if the abstract does not contain the evidence and the objections upon which they are predicated.

2. APPEALS AND ERRORS—*when assignments of error insufficient.*   Assignments of error should point out the error complained of; if they fail in this the point urged will not be considered on review.

3. APPEALS AND ERRORS—*waiver by appeal to Appellate Court.*   A question as to the allowance of an attorney's fee in a mechanic's lien proceeding which raises a constitutional question, is waived by an appeal to the Appellate Court.

Mechanic's lien.   Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1908.   Affirmed.   Opinion filed May 11, 1909.

CHARLES L. MAHONY, for appellants.

DUNN & HAYES, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This appeal is prosecuted to reverse a decree of the Superior Court entered in a proceeding for a mechanic's lien filed by appellee Koutnik against Margaret Cody and John Cody, her husband, for the sum of $797.35, which includes the balance due on contract and extras, master's fees, for taking testimony and making his report, and $100 for complainant's solicitor's fees.

The bill was filed January 28, 1907, and after answer of the defendants was filed, the cause was referred to a master in chancery to take proofs and report. The master filed a report with the evidence and testimony taken, and after overruling exceptions thereto, the court entered the decree.

This litigation arises out of a building contract and the failure of the defendants to pay the contract price, and certain extras. The defense was delay, imperfect work and failure to complete the contract according to specifications. The evidence is conflicting upon all the questions of fact presented. The abstract of the record is incomplete. It does not contain the contract or the specifications of the objections and exceptions to the master's report. We cannot say, from the abstract of record and the arguments of counsel, that there is any clear mistake, or any fraud or error in the findings of the master. At the most they show that the testimony heard by the master was conflicting and contradictory in many respects. The findings of the master when sustained and confirmed by the chancellor, will not be disturbed on appeal unless clear mistakes or fraud is shown, or the weight of the evidence is manifestly and clearly against the finding. Siegel v. A. H. Andrews Co., 181 Ill. 350; Dickinson v. Torrey, 91 Ill. App. 297.

Appellants seek to raise questions relating to the allowance in the decree of $100 solicitor's fees, and the allowance of $100 master's fees.

The assignment of errors as abstracted is as follows:

"First:   The court below erred in approving and confirming the master's report as to the law and the evidence, and his conclusions thereon.

Second:   The court below erred in not sustaining the objections of appellants to the master's report herein.

Third:   The court below erred in entering a decree in favor of appellee.

Fourth:   The court below erred in not finding in favor of appellants and entering a decree dismissing the bill of complaint.

Fifth:   The court below erred in overruling the objections of the appellants to the report of the master in chancery, filed herein."

As to the second and fifth assignments of error, it is manifest that as the master's report, except as to some of the evidence, and the objections thereto, are not abstracted, these assignments of error cannot be considered.   City Electric Ry. Co. v. Jones, 161 Ill. 47.   Furthermore, the assignments of error do not mention the allowance of solicitor's and master's fees.   In other words, the assignments of error are not sufficiently specific.   They should point out the error complained of.   Berry v. City of Chicago, 192 Ill. 154.   An error not assigned is not open to review.

Again, the question as to the allowance of attorney's fees is waived by taking the appeal to this court.   Haas Electric Co. v. Amusement Co., 236 Ill. 452, 466.

The decree must be affirmed.

*Affirmed.*