**City of Chicago, Defendant in Error, v. Dunham Towing & Wrecking Company, Plaintiff in Error.**

### Gen. No. 15,358.

1.   ORDINANCES—*validity of, prohibiting smoke nuisance.   Held,* that the power to enact smoke ordinances is expressly conferred by the legislature and that the so-called smoke ordinances of the city of Chicago are valid.

2.   TRIAL—*what remarks of court will not reverse.   Held,* that the following remark of the court was not ground for reversal:

"Mr. Reporter, let the record show that the defendant, at the close of the plaintiff's evidence, asks the court to instruct the jury to find the defendant not guilty, which the court refuses to do."

3. EVIDENCE—*when proof of ownership not essential.* Where the question of ownership is one of inducement, proof thereof is not necessary unless ownership is expressly denied.

4. EVIDENCE—*what competent in action for prosecution for smoke nuisance.* Held, that it was competent to permit a deputy inspector to testify that he saw *dense smoke* issuing from the stack of the tug of the defendant.

5. EVIDENCE—*burden of proof to establish negative.* In a prosecution for the violation of a smoke ordinance proof of a negative allegation of a fact peculiarly within the knowledge of the defendant need not be made by the municipality.

Error to the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed April 18, 1911.

**Statement by the Court.** This is an action of the fourth class brought in the Municipal Court by the city of Chicago to recover a penalty for an alleged violation of section 17 of its so-called Smoke Ordinance. The defendant company (plaintiff in error) is engaged in the towing of vessels in the Chicago river and harbor, and it is charged that on July 29, 1908, the smoke stack of the tug "J. C. Evans," owned by the defendant company, and which was then tied to a dock near the Wells street bridge in Chicago, emitted large volumes of dense smoke for a period of eight minutes.

A trial was had before a jury, which resulted in a verdict for the plaintiff, the jury assessing the maximum penalty of $100. The court overruled the motion of defendant for a new trial, and entered judgment on the verdict, whereupon the defendant sued out a writ of error.

Plaintiff in error contends in this court in its brief (1) that the ordinance sued upon is void; (2) that the remarks of the court were prejudicial error; and (3) that the court erred in admitting evidence, and in the instructions.

MICHAEL E. SULLIVAN, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Section 17 of the ordinance sued upon, which it is claimed was violated in this case, provides that "The emission of dense smoke within the city from the smoke-stack of any locomotive, steam boat, steam tug, * * * excepting for a period of six minutes in any one hour, during which the fire box is being cleaned out or a new fire being built therein, is hereby declared to be a nuisance and may be summarily abated * * * Any person * * * deemed guilty of a violation of this ordinance, and upon conviction thereof shall be fined not less than ten dollars nor more than one hundred dollars for each offense."

The legislature of Illinois expressly conferred upon the city of Chicago the power to pass an ordinance of the character of this so-called smoke ordinance,—section 62 of the Cities and Villages Act, Paragraphs 63, 66, 67, 75 and 78,—and accordingly it must be sustained unless it is clearly unreasonable. Stanton v. City of Chicago, 154 Ill. 23; Berry v. City of Chicago, 192 Ill. 154. The presumptions of law are in favor of the reasonableness of the ordinance. Gundling v. City of Chicago, 176 Ill. 340.

The phraseology of section 17 of the ordinance in question, which, it is claimed, the defendant violated, is substantially like that of a similar ordinance which was before the Federal Court in Glucose Refining Co. v. City of Chicago, 138 Fed. Rep. 209, where its validity was directly attacked. For reasons given by the court in that case, and because we ourselves do not think the ordinance open to the objections urged against it, we feel compelled to hold the ordinance valid. See also

310    APPELLATE COURTS OF ILLINOIS.

City of Chicago v. Dunham Tow. & Wreck. Co., 161 Ill. App. 307.

Marshall Field & Co. v. City of Chicago, 44 Ill. App. 410; Harmon v. City of Chicago, 110 Ill. 400.

The second contention of plaintiff in error, that the court below made remarks during the trial which constituted reversible error, is based upon the charge in the brief that the court, after refusing the request to instruct peremptorily for the defendant, made in the presence of the jury the following remark:

"Mr. Reporter, let the record show that the defendant, at the close of the plaintiff's evidence, asks the court to instruct the jury to find the defendant not guilty, which the court refuses to do."

We do not find anything in the record which would justify us in holding that this statement by the court, even if heard by the jury (and it is not shown that it was), would afford grounds for reversing the judgment in this case.

Plaintiff in error also complains, that it was error to allow the deputy smoke inspector to testify that the offending tug was owned by the defendant, because it appeared that his knowledge of the facts as to its ownership were acquired from a letter received from defendant after the date of the alleged offense, and from statements made by the captain of the tug. This testimony was not of a very satisfactory character, but the defendant offered no testimony, and, in this case, as the real controversy was not over the ownership of the tug, but the issuance of dense smoke, the ownership being a matter of inducement, it was not necessary to prove it unless it was specially denied. Chicago Union Traction Co. v. Jerka, 227 Ill. 95.

It is also complained that the deputy inspector was allowed to state that he saw dense smoke issuing from the stack of the tug. In Harmon v. City of Chicago, 110 Ill. 400, on page 407 the court said: "Nor will any subtle distinctions be indulged as to what is meant by 'dense smoke' as those terms are used in the ordinance. The terms used will be understood as com-

monly employed, and this court will understand by 'dense smoke' precisely what everybody else does that has ever seen a volume of dark, dense smoke as it comes from the smoke-stack or chimney where common soft or bituminous coal is used for fuel in any considerable quantities.'' This language we adopt as applicable to this case. Moreover, there was offered in evidence a photograph showing the dense smoke. We think the objection not well taken.

And lastly, it is claimed that the city would have been required to prove that the defendant was not cleaning the fire box or building a fire therein at the time in question. This was a negative allegation of a fact peculiarly within the knowledge of the defendant and need not be affirmatively proven by the city. 1 Greenleaf on Evidence, sec. 79. However, the testimony showed that the dense smoke continued for *eight* minutes, and but six minutes were allowed for cleaning the fire box or building the fire.

For reasons given the judgment will be affirmed.

*Affirmed.*