Nellie F. Henderson, Appellant, v. William J. Henderson et. al., Appellees.

Gen. No. 15,531.

1. PARTITION—*when taxation of complainant's solicitor's fees properly denied.* If a petition filed in partition did not correctly set forth the interests of the parties the solicitor's fees of the complainant should not be taxed as costs.

2. APPEALS AND ERROR—*when record does not present alleged error.* *Held,* that the record in this case did not show any order of court refusing to tax solicitor's fees as costs in the partition proceeding and that therefore the action of the court in that regard was not reviewable.

3. APPEALS AND ERRORS—*when assignment of error insufficient.* Assignments of error which are too general in averment will not avail.

Partition. Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 31, 1911.

GEORGE M. BOYD, for appellant.

FLYNN & LYON and THOMAS B. LANTRY, for appellees; GEORGE W. LYONS, JR., of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

The record in this case shows that a bill was filed by the complainant against four brothers and sisters for the partition of certain lands in Cook county, the bill alleging that at the death of the parents, both of whom had died prior to the filing of the bill, the five children were their only heirs at law. The property which was the subject of partition had been owned in equal shares by the two parents in their lifetime. The bill recites that each of the heirs at law, namely, the complainant and the four defendants, was seized in fee simple by descent of an equal undivided one-fifth part of said land.

Answers were filed by the defendants after demurrer and exceptions to the bill of complaint had been overruled. By the answers it appeared that the other three defendants had conveyed to Maude Henderson by quit-claim deeds their interest in the property. The wife of the defendant William J. Henderson and the husband of the defendant Catherine L. Wellenwraiter joined in the deeds. Edwin A. Henderson, the other defendant, was not married.

A cross-bill was filed by Maude Henderson, and on a hearing on the bill of complaint, the amendments and supplements to the bill of complaint, the answers of the defendants thereto and the replications to said answers, the cross-bill of the defendant, Maude Henderson, the answer of the complainant to the cross-bill, and the replication to the answer, and the evidence taken in open court, a decree of partition was entered, in which the court found that certain amounts were due to the creditors of the estate of Edward Henderson, including the complainant and the defendant, Maude Henderson, all of which claims had been allowed by the Probate Court; that no claims had been filed against the estate of Sarah E. Henderson. Commissioners were appointed and there was a sale by a master in chancery. The evidence at the hearing which resulted in the decree of partition is not before us, no certificate of the evidence appearing in the record. The property was sold by the master in chancery to Eva Anna Henderson, and the master's report of sale ap-

proved, the order reserving for further consideration the distribution of the proceeds of the sale. Subsequently, on June 25, 1908, on motion of the solicitors for the complainant and defendants, an order was entered directing the master to pay out of the proceeds of the sale certain sums to George W. Lyon, Jr., solicitor for Maude Henderson, being amounts advanced by her for taxes, and by Lyon for repairs on the premises and for abstract of title to the premises. The master was further ordered to pay certain claims against the estate of Edward Henderson, and the sum of $625 to George M. Boyd, solicitor for complainant, Nellie F. Henderson, for her share of the award allowed against the estate of Edward Henderson; also the sum of $625 to Mr. Lyon, solicitor for Maude Henderson, as her share of said award; also the fees of the commissioners.

Upon the coming in of the report of the master, a decree was entered in which it was recited that the master had paid out of the proceeds of sale, pursuant to an order theretofore granted, the amounts provided to be paid including the children's award. It further stated the amount of the expenses and fees to which the master in chancery was entitled, and ordered that he retain the same and pay the balance to William J. Henderson, one of the defendants, as administrator of the estates of Edward Henderson, deceased, and Sarah E. Henderson, deceased, the amount belonging to each estate being set forth.

In the abstract, following the recital of the provisions of this decree, appears the following language:

"To the entry of which order the complainant objects, which objection is overruled by the court."

Then follows the prayer of the complainant for an appeal to this court, which was allowed upon the filing of an appeal bond.

The errors assigned are:

"Said court erred in directing a decree that said complainant is entitled to no costs, or attorney's fees herein.

Said court erred in refusing to tax the solicitor's fees of the complainant herein.

Said court erred in refusing to tax as costs, the amount paid by complainant for certified copies of the decree rendered by the Probate Court of said county.

Said court erred in rendering said decree, and said decree is otherwise irregular, illegal, and not in accordance with the requirements of equity."

We do not find in this record any ground for reversal. The record does not show any order of court refusing to tax the solicitor's fees of the complainant; it does not find in terms that the complainant is entitled to no costs or attorney's fees; there is nothing in the record to show that the complainant moved that costs be taxed in her favor, or that the amount alleged to have been paid by her for certain copies of the decree rendered by the Probate Court be repaid her. It is apparent from the record that the interests of the parties were not correctly set forth in the bill. It follows, therefore, that even if we were at liberty to treat the alleged error as properly presented, the complainant would not be entitled to solicitor's fees. (Wachter v. Doerr, 210 Ill. 242.) The fourth assignment of error is so general, that under repeated decisions of the Supreme Court and this court, nothing is presented by it for our consideration. (Berry v. City of Chicago, 192 Ill. 154.)

*Affirmed.*