### City of Chicago, Defendant in Error, v. Dunham Towing & Wrecking Company, Plaintiff in Error.

### Gen. No. 16,861.

1. MUNICIPAL CORPORATIONS—*action to recover penalty.* An action by a city to recover penalty for the violation of a smoke ordinance is a civil and not a criminal proceeding.

2. MUNICIPAL CORPORATIONS—*smoke ordinance exercise of police power.* Section 17 of an ordinance entitled "An ordinance providing for smoke inspection and abatement in the City of Chicago," is a valid exercise by the city of its police powers.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912.

550    APPELLATE COURTS OF ILLINOIS.

City of Chicago v. Dunham Towing & Wreck. Co., 175 Ill. App. 549.

M. F. SULLIVAN and ALBERT M. CROSS, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This was a suit instituted by defendant in error against plaintiff in error in the Municipal Court to recover a penalty for the alleged violation by plaintiff in error of section 17 of an ordinance of the City of Chicago entitled, "An Ordinance providing for smoke inspection and abatement in the City of Chicago." A trial by jury resulted in a verdict and judgment against plaintiff in error for $25, to reverse which judgment this writ of error is prosecuted.

Most of the errors assigned are predicated upon the insistence that this is a criminal proceeding. It, therefore, becomes necessary to again say that a suit to recover a penalty for the violation of an ordinance is a civil and not a criminal proceeding. City of Chicago v. Knobel, 232 Ill. 112. The last expression of the court upon that subject in City of Chicago v. Williams, 254 Ill. 360, is as follows: "A suit by a city or village to recover a penalty for the violation of an ordinance is a civil suit and the rules applicable to criminal procedure have no application thereto."

It is further urged that the section of the ordinance here involved is unreasonable and therefore invalid. The enactment of a somewhat similar ordinance was held, in Harmon v. City of Chicago, 110 Ill. 400, to be a valid exercise by the city of its police powers, and the precise ordinance here involved was held to be valid in City of Chicago v. Dunham Towing & Wrecking Co., 161 Ill. App. 307.

It would serve no useful purpose to restate the grounds upon which the validity of the ordinance in question may be sustained. The judgment of the Municipal Court is affirmed.

*Judgment affirmed.*