(No. 20446.—

JOHN H. CRAIG, Receiver, Defendant in Error, *vs.* THE SULLIVAN MACHINERY COMPANY, Plaintiff in Error.

*Opinion filed April 23, 1931—Rehearing denied June 4, 1931.*

FISHER, BOYDEN, BELL, BOYD & MARSHALL, and HOGAN & COALE, (DARRELL S. BOYD, and EARL K. SCHIEK, of counsel,) for plaintiff in error.

LESLIE J. TAYLOR, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on writ of *certiorari* to the Appellate Court for the Third District to review the judgment of that court affirming the judgment of the circuit court of Christian county in a suit in assumpsit brought by defendant in error against plaintiff in error in that court. The declaration alleged the purchase of an electric coal mining machine by defendant in error from plaintiff in error and the warranty of the latter that the machine was free from mechanical defects and would operate successfully in the underground workings of the Assumption Coal Company, for which defendant in error is receiver. The declaration charges breach of such warranty and failure on the part of plaintiff in error to fulfill its contract concerning the same. Plaintiff in error entered a special and limited appearance in writing and filed a motion to quash the service of summons and dismiss the suit on the ground of want of jurisdiction of the court over plaintiff in error, that plaintiff in error was not found nor served with summons in Christian county, and was not and never had been a resident of that county. This motion was denied, and plaintiff in error abiding the same, a hearing was had of defendant in error's evidence and judgment entered against plaintiff in error for $4316.60, which judgment was affirmed by the Appellate Court on the ground, among others, that a

motion to quash the summons and dismiss the suit would not lie in a case of the character here under consideration but that such objection to the jurisdiction of the court must be made by a plea in abatement. This point forms the chief contention in the cause here.

The suit was filed in Christian county. A *præcipe* was filed on February 25, 1929, praying for the issuance of a summons returnable to the March term and directed to the sheriff of Christian county. The clerk, however, issued a summons directed to the sheriff of Cook county, where the summons was served on plaintiff in error by delivering copy thereof to one E. A. Krevis, agent of the corporation. The return was made by the sheriff of Cook county. Plaintiff in error is a foreign corporation organized under the laws of Massachusetts, admitted to do business in Illinois and having its principal place of business at 122 South Michigan avenue, in Chicago. It has no offices or places of business elsewhere in the State.

Defendant in error seeks to justify the judgments of the circuit and Appellate Courts on two grounds: First, that the service on the agent of the plaintiff in error in Cook county is good service; and second, that the defect in jurisdiction, if such exists, does not appear on the face of the record and so cannot be reached except by a plea in abatement.

Corporations are creatures of the statutes. Jurisdiction of courts over them is to be likewise found in the statutes. (*People* v. *Righeimer*, 298 Ill. 611.) The statutes of this State, and decisions of this court construing them, have made plain the requisites to jurisdiction of courts over corporations, either domestic or foreign. It is necessary that it appear that a foreign corporation is carrying on its business in the State. It must appear that the business of the corporation is being transacted by an agent or officer representing it. There must be a law making the corporation amenable to suit. The rule in this State has always been that service

of summons on foreign corporations, with certain exceptions not material here, is identical with that on domestic corporations, and that the powers, liabilities, duties and restrictions of foreign corporations are uniform with those of domestic corporations. *American Hide and Leather Co.* v. *Southern Railway Co.* 310 Ill. 524; *Friend & Co.* v. *Goldsmith & Seidel Co.* 307 id. 45; *Congregational Publishing Society* v. *Board of Review,* 290 id. 108; *Booz* v. *Texas and Pacific Railway Co.* 250 id. 376; *Edwards* v. *Schillinger,* 245 id. 231.

Section 84 of the Corporation act provides: "A foreign corporation admitted to do business hereunder shall enjoy the same, but no greater rights and privileges and be subject to all the liabilities, restrictions, duties and penalties now in force or hereafter imposed upon domestic corporations of like character, and to the same extent as if it had been formed under the laws of this State to do the business set forth in its certificate of authority." By section 6 of the Practice act it is, with exceptions therein noted, made unlawful to sue any defendant out of the county where he resides. Section 8 of the Practice act describes the manner of acquiring jurisdiction of a corporation, and provides that service must be had on an officer or agent of the corporation found in the county where the suit is brought. Such service is had by leaving a copy with any clerk or agent of the corporation if the president cannot be found within the county. This section is not confined in its terms to domestic corporations but applies likewise to foreign corporations. *Booz* v. *Texas and Pacific Railway Co. supra; Friend & Co.* v. *Goldsmith & Seidel Co. supra.*

Counsel for defendant in error argues that since the Corporation act requires that foreign corporations designate an agent for service, the statute is to be construed to mean that service may be had on such agent by summons issued in any county of the State in which suit may be brought, whether such corporation or its agent is a resident of that

county or some other county of the State. Paragraph 5 of section 92 of the Corporation act (Smith's Stat. 1929, chap. 32,) authorizes the Secretary of State to revoke the certificate of authority of a foreign corporation to do business in this State upon failure of such corporation to appoint and maintain an agent in this State upon whom service of legal process may be had. Section 87 of the Corporation act provides that each foreign corporation licensed to do business in this State shall keep constantly on file in the office of the Secretary of State an affidavit of the president or vice-president and secretary or assistant secretary or other officer of the corporation, with the corporate seal of the corporation attached thereto, setting forth the location of its principal business office in this State and the name and address in this State of some person having a permanent office or place of business as its agent or representative on whom service of legal process may be had in all suits that may be commenced against it, and further providing that new affidavits shall be filed where there is a change of the principal place of business or a change of its agent or his address.

Counsel for defendant in error argues that the correct construction of this act is, that courts of record of any county where the plaintiff in a suit against such foreign corporation resides shall have jurisdiction to issue process in said suit commenced in that county and to direct that the same be served by the sheriff of the county in which the agent for service of legal process resides—in other words, that the courts of any county may by summons issued to another county and served on the agent of the foreign corporation acquire jurisdiction of such corporation. There is nothing in the statute to justify such a construction. The requirement that an agent be named upon whom service of summons may be had in any suit brought against the corporation cannot be enlarged to mean that suits may be filed in any county and service of summons be had on

the corporation by serving the summons on the agent in the county in which he resides, as was done in this case. So construed it would be in direct conflict with section 8 of the Practice act, declaring that jurisdiction of a corporation may be acquired only when the officer or agent shall be found and served in the county where the suit is brought.

It seems clear that the circuit court of Christian county did not acquire jurisdiction of plaintiff in error, and that defendant in error's first point cannot be sustained.

As to the second point, that this defect in jurisdiction may not be reached by motion to quash the summons, the rule is that where the disclosure of want of jurisdiction depends upon proof of matters *dehors* the record, such issue can be raised only by plea in abatement and cannot be reached by motion to quash the summons. (*Greer* v. *Young,* 120 Ill. 184; *Louisville and Nashville Railroad Co.* v. *Industrial Board,* 282 id. 136.) The reason for this rule is that, the defect not appearing on the face of the record, the matter must be pleaded so that an issue may be made thereon. It is also the rule that any defect in the writ of summons, its service or return which is apparent from an inspection of the record may properly be taken advantage of by such motion. (*Louisville and Nashville Railroad Co.* v. *Industrial Board, supra; Greer* v. *Young, supra.*) It requires but a glance at the record to discover the defect in the service in this case. The suit was filed in Christian county and the sheriff's return of service shows it was had on the agent of the defendant in Cook county. This was in direct violation of section 8 of the Practice act. The defect in jurisdiction in this case was properly reached by motion to quash the summons and dismiss the suit.

Counsel for defendant in error argues that by filing a motion to dismiss, together with a motion to quash the summons, plaintiff in error entered its general appearance and submitted to the jurisdiction of the court. This argument is utterly without foundation. The motion to quash the

summons and to dismiss was based on want of jurisdiction of the court over the person of plaintiff in error. The trial court erred in not quashing the summons and the Appellate Court erred in affirming the judgment entered. *Shomide* v. *Brewerton,* 306 Ill. 365.

The judgments of the circuit and Appellate Courts are reversed and the cause is remanded to the circuit court, with directions to quash the service of summons.

*Reversed and remanded, with directions.*