(No. 22253.—

THE ALEXANDER LUMBER COMPANY, Defendant in Error, *vs.* FRANK E. KELLERMAN.—(ELI METCOFF, Plaintiff in Error.)

*Opinion filed October 17, 1934—Rehearing denied Dec. 5, 1934.*

Shaw, J., dissenting.

Harold V. Snyder, for plaintiff in error.

HADLEY, WEAVER & WOODWARD, (CHARLES W. HADLEY, PALMER LEREN, and WILLIAM C. ATTEN, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

The Alexander Lumber Company, a corporation, filed a bill under the Liens act, (Cahill's Stat. 1933, chap. 82,) in the circuit court of DuPage county, to foreclose a lien on certain premises in that county on account of material furnished the owners for the construction of a dwelling thereon. Eli Metcoff filed an intervening petition in the cause as holder and owner of a certain promissory note secured by a first deed of trust. The controversy presents a question of priorities between their liens. The master in chancery found that the lien of the holder of the note is superior to that of the lumber company and overruled the latter's objections to his report. On the hearing by the court the objections were sustained as exceptions, and a decree was entered finding there was due the lumber company $2737.51 and to the holder of the note $5853.75, and that the lumber company's lien is superior to that of the note holder. Upon default in payment the premises were ordered sold and the proceeds distributed according to the priorities found by the decree. Upon an appeal to the Appellate Court for the Second District it was held that the rights of the note holder were superior to those of the lienor as to the value of the premises before the building was placed thereon; that the lienor was entitled to priority as to the value of the building, and that in case the proceeds of the sale were insufficient to pay both claims in full, payments should accordingly be apportioned. The decree of the trial court was reversed and the cause remanded with specific directions. The note holder brings the cause to this court by *certiorari*.

The note in controversy was for $5000, dated April 14, 1928. It was payable to bearer and executed by Frank E. Kellerman and Elizabeth Kellerman, his wife. It was secured by a first deed of trust of that date conveying the premises to the Chicago Title and Trust Company as trustee. On April 18 the Kellermans contracted with the Alexander Lumber Company for lumber and material to construct a residence on the property. The contract was fulfilled and delivery of the last material thereunder was made on October 20. Meanwhile, Roy E. Parson and Anona C. Parson, his wife, purchased the premises. On February 15, 1929, within four months after the final delivery of material under the contract, the lumber company filed a statement of claim for lien pursuant to the statute. By a clerical error the statement contained an erroneous credit of $1000.

The bill of complaint was filed and summons was issued on September 20, 1930. A correct statement of the claim for lien was attached to the bill. Among the defendants named in the bill and the summons were the unknown owners and holders of the note. The return on the summons filed October 6 recited that the unknown owners or holders were not found in the county. On December 3 an affidavit that there were unknown owners and holders of the note, and an affidavit of non-residence, were filed and publication was made on December 5. The note was acquired by Eli Metcoff in July, 1931. On August 14 of that year the intervening petition was filed. After setting out that he did not acquire the note until some time in 1931, it alleges he became the owner without notice of the pendency of the suit; that inasmuch as the last material was delivered on October 20, 1928, the action was not begun as to him within two years thereafter, and that the rights of the lumber company are subordinate to his.

Metcoff contends that because the summons was issued prior to the filing of the affidavit as to unknown owners the service by publication was void as to the then holder

and owner of the note; that because such affidavit was not filed within two years after the last material was furnished, the suit was not commenced as to such unknown holders and owners within the statutory two-year period; that on that account he took the note free of *lis pendens;* that he was not a party until the filing of his intervening petition, and that the action was not begun as to him until after the expiration of the two-year limitation, when the lien was barred as to him.

By cross-errors in this court the lumber company contends that the questions here presented were not properly assigned as errors in the Appellate Court and accordingly cannot be considered by this court. The first and second assignments of error in the Appellate Court challenged the sustaining of each of the lienor's exceptions to the master's report. Those exceptions, in detail, went to the findings of the master on the jurisdictional questions and as to priority. The third and fourth assignments of error directly challenged the finding of the trial court as to priority. The fifth assignment is, that if the lumber company has a lien it is in excess of the amount which in any event could be decreed under the law and from the proper evidence in this case. The general rule is that every error must be specifically pointed out in the assignments of error so clearly that from the showing error is manifest. (*Berry* v. *City of Chicago,* 192 Ill. 154; *Skakel* v. *People,* 188 id. 291.) The purpose of assigning error is to point out as briefly as possible the errors relied upon for reversal. Voluminous details are not required. The first four assignments of error were sufficiently specific to properly raise the questions of jurisdiction and priority. In its reply to the petition for *certiorari* the lienor says that the only assignment of error properly before this court is the one concerning the $1000 credit appearing upon the statement of claim for lien. The questions urged here are the same as those raised by the assignments of error in the Appellate Court and are cognizable by this court.

Section 7 of the Liens act provides that no contractor shall be allowed to enforce his lien against or to the prejudice of any other encumbrancer unless within four months after completion he shall either bring suit to enforce his lien or file a verified claim for lien with the clerk of the circuit court. Section 9 provides that suit to enforce a lien shall be commenced within two years after the completion of the contract or completion of any extra or additional work or the furnishing of extra or additional material thereunder. The claim for lien in this case was filed within the statutory four months and the bill to enforce the lien was filed within two years after the contract was completed. Section 1 of the Lis Pendens act (Cahill's Stat. 1933, chap. 22, par. 57, p. 229,) provides that every suit in equity affecting or involving real estate shall from the time of the filing of the bill of complaint or petition be constructive notice to every person subsequently acquiring an interest in or lien on the property. In case of failure for the period of six months after the filing of the bill or petition to cause notice to be given the defendant or defendants, either by service of summons or publication, as required by law, then such bill or petition shall cease to be such constructive notice until service of summons or publication as required by law is had. Publication in this cause was had less than six months after the bill was filed.

*Wenner* v. *Thornton,* 98 Ill. 156, is relied upon to support the claim that the service by publication was void because the summons was issued prior to the filing of the affidavit as to unknown owners. That case holds that where a decree recites that summons was duly issued, the recital implies that the required affidavit to warrant the issuance of summons had been filed. It does not hold that it is necessary to issue a summons against unknown parties, nor does section 7 of the Chancery act make any such requirement. After providing for the filing of an affidavit as to unknown parties, section 7 provides: "And

process shall be issued against all such parties by the name and description given as aforesaid; and notices given by publication, as is required in this act." Any means of acquiring jurisdiction is properly denominated process. (21 R. C. L. 1262.) Jurisdiction of a party may be acquired by personal service of summons or by constructive service. Constructive or substituted service may be made by filing the necessary affidavits and publication as to unknown parties. Such constructive service constitutes process as much as the service of a summons. We cannot conceive how an officer can personally serve a summons upon unknown parties, and the fact that one was issued against unknown owners before the affidavit was filed is immaterial.

The foreclosure of a lien under the Liens act is a chancery proceeding. Section 4 of the Chancery act provides: "The mode of commencing suit in chancery shall be by filing a bill of complaint with the clerk of the proper court setting forth the nature of the complaint." The filing of the bill is the commencement of the suit. (*Johnson* v. *Davidson,* 162 Ill. 232; *Warner* v. *Mettler,* 260 id. 416; *Mack* v. *Liverpool and London and Globe Ins. Co.* 329 id. 158.) The statutory two-year limitation does not apply to obtaining jurisdiction of parties but to the commencement of the suit. To say that a chancery suit is not commenced against the defendants named in the bill until process is issued or an affidavit for publication is filed would be to read something into the statute that is not there. The making of parties defendant to a bill in chancery and obtaining jurisdiction over them are wholly different matters. Summons cannot issue and publication cannot be made against anybody until the suit is commenced by the filing of a bill. (*Hodgen* v. *Guttery,* 58 Ill. 431.) Until one is made a party to a bill the suit is not commenced against him. (*Dunphy* v. *Riddle,* 86 Ill. 22.) The corollary of that holding is, that when he is a party to the bill the suit is commenced against him.

The parties named in the bill are the only ones against whom summons can be issued or publication had. It follows that whenever process can be issued or publication can be had against one he is necessarily a party to the suit. The issue or service of process is not what makes him a party. It is a step in obtaining jurisdiction of his person after he is a party to the suit. The provision in section 7 of the Chancery act that "an affidavit shall be filed by the party desiring to make any unknown person a party" does not imply that one named in the bill is not a party to the suit until the affidavit is filed. In *Chandler* v. *Ward*, 188 Ill. 322, no affidavit at all was filed. In *Dime Savings and Trust Co.* v. *Knapp*, 313 Ill. 377, there was a defective affidavit. In each of those cases it was held that the proceedings were insufficient as to unknown owners. In the absence of sufficient affidavits further proceedings were ineffective. In the sense that the unknown owners had not been brought into court they were not parties to such subsequent proceedings. That is the substance of the holding in those cases. Isolated sentences to the effect that they were not parties to the suit are to be taken in the sense they were obviously meant. In this case the unknown owners and holders of the note were made defendants in the bill. They were therefore parties to the suit when the bill was filed. As to them the suit was commenced within the limitation period. The filing of the affidavit to obtain jurisdiction of the persons of the unknown owners within that period was not necessary.

The unknown owners of the note named in the bill were duly served with process by publication. Metcoff took the note *pendente lite*. Under the familiar rule he was bound by the proceedings to the same extent as if he had been a party when the bill was filed. (*Steger* v. *Traveling Men's Building Ass'n*, 208 Ill. 236; *Ellis* v. *Sisson*, 96 id. 105.) The Lis Pendens act made the suit constructive notice to Metcoff, as a subsequent purchaser of the note,

from the time the bill was filed. That act was passed in 1917. Under the law prior to its passage *lis pendens* did not begin until service was had. (*Gage* v. *Chicago Title and Trust Co.* 303 Ill. 569; *Grant* v. *Bennett*, 96 id. 513.) Since the enactment of the present statute we have held that *lis pendens* begins upon the filing of the bill without service of process. *Moore* v. *Zelic*, 338 Ill. 583.

Section 7 of the Liens act provides that no lien shall be defeated to the proper amount thereof because of an error or overcharging on the part of any person claiming a lien therefor under the act unless it shall be shown that such error or overcharge is made with intent to defraud. The credit of $1000 in the claim for lien was merely a clerical error. No fraud is shown or suggested. The bill was filed for the proper amount. Metcoff purchased the mortgage note thereafter and could not have been in any way prejudiced. The credit was properly allowed. *Culver* v. *Schroth*, 153 Ill. 437.

Under sections 16 and 19 of the Liens act the Appellate Court correctly adjudicated the priority rights of the parties. The judgment of that court is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHAW, dissenting:

The only provision of law which authorizes the making of an unknown owner a party to this suit is section 7 of the Chancery act, which, in my opinion, requires the affidavit of unknown owners therein mentioned as a condition upon which they may be brought in. If this is true, then they are not and cannot be parties until the affidavit is filed. If none is ever filed they never are parties. It would seem to follow from this reasoning, if it is sound, that they are not in the case until the affidavit is filed, which upon the record before us was after the period of limitation had run. It is my opinion that this view is sustained by *Dime Savings and Trust Co.* v. *Knapp*, 313 Ill. 377, and *Wenner* v. *Thornton*, 98 id. 156.