JOE L. WHITLEY, Plaintiff-Appellee, *v.* LUTHERAN HOSPITAL *et al.*, Defendants.—(E. D. LARDNER, M.D., Respondent-Appellant.)

Third District    No. 78-330

Opinion filed July 11, 1979.—Rehearing denied August 15, 1979.

John V. Patton and John W. Robertson, both of Bozeman, Neighbour, Patton and Noe, of Moline, for appellant.

Goldberg and Goldberg, of Chicago, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This case is on an interlocutory appeal certified to this court pursuant to Supreme Court Rule 308. At issue is the interpretation of a new section of the Civil Practice Act, specifically section 21.1. The text of the section follows:

> "The plaintiff in any action based on an allegation of negligence in the performance of health care services may designate as respondents in discovery in his pleading those individuals, other than the named defendants, believed by him to have information essential to the determination of who should properly be named as additional defendants in the action.
>
> Persons so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.
>
> A person named a respondent in discovery may upon his own motion be made a defendant in the action, in which case the provisions of this Section are no longer applicable to that person.
>
> A copy of the complaint shall be served on each person named as a respondent in discovery.
>
> Each respondent in discovery shall be paid expenses and fees as provided for witnesses.
>
> A person named as respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after he is named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him may have expired during such 6 month period." (Ill. Rev. Stat. 1977, ch. 110, par. 21.1.)

No published opinion by the courts of this State has directly considered the ramifications of this recent, unique, statutory addition.

A review of the history of this controversy can begin on October 5, 1975, the date on which the plaintiff Joe L. Whitley submitted to surgery performed by Dr. E. D. Lardner at Lutheran Hospital in Moline, Illinois. According to allegations in a complaint filed in the Circuit Court of Rock Island County on October 5, 1977, that surgery was less than successful. The complaint was indeed a creature of statute, in that it named 17 respondents in discovery, including as one Dr. Lardner, but no defendants, as that term was understood at common law. Dr. Lardner was served as required by section 21.1. Thereafter he appeared specially

to quash the service and to contest the jurisdiction of the court, citing as grounds plaintiff's failure to name a defendant in the complaint.[1]

In response plaintiff sought and was granted leave to file an amended complaint. Such a complaint was filed on November 7, 1977, naming Lutheran Hospital as a defendant and again naming Dr. Lardner and sixteen others as respondents in discovery. Following a hearing on November 8, 1977, Dr. Lardner's special appearance was denied and he was ordered to comply with discovery procedures as required by section 21.1.

Subsequently plaintiff again sought and was granted leave to amend his complaint. When such amended complaint was filed on December 14, 1977, it named in addition to the hospital six other defendants as well as three respondents in discovery. As before, Dr. Lardner was named as a respondent in discovery. Finally, on February 17, 1978, without notice to any party or respondent, the plaintiff filed a count IX to the second amended complaint which named Dr. E. D. Lardner as a defendant. The plaintiff did not file a motion for leave, nor did the court enter any order permitting it.

After summons was served ordering Dr. Lardner to answer or otherwise appear, he filed a special appearance and moved to quash the summons, claiming that count IX against him was filed without order or permission of court and therefore no valid action was pending against him. On August 21, 1978, the Circuit Court denied the special appearance and motion to quash filed by Dr. Lardner, but made the certification previously indicated to permit this interlocutory appeal. The question as certified reads:

> "Was there a complaint on file against E. D. Lardner, M.D., upon which summons could properly be issued so that the Court obtained jurisdiction over E. D. Lardner, M.D., as a defendant in this cause?"

We conclude that the court had jurisdiction over Dr. Lardner.

■■ Before the courts of any State can compel persons to "appear * * * and furnish information possibly against their own interest," it is

---

[1] It matters not that no real defendant was named in the original complaint. During floor debate in the Illinois House of Representatives on what was to become section 21.1, the following colloquy took place with Representative Jack R. Beaupre, the measure's sponsor:

> Representative Leineweber: "Representative Beaupre, would it be possible to file a John Doe Lawsuit and proceed without having to name any doctor or a medical care provider at all under this Amendment and then proceed for discovery?"
> Representative Beaupre: "I think the way the amendment is written, that it would."

(Transcript of proceedings, Illinois House of Representatives, 79th General Assembly, June 10, 1976.)

necessary for such court to have jurisdiction over those persons. (*Koplin v. Saul Lerner Co.* (1964), 52 Ill. App. 2d 97, 201 N.E.2d 763.) Process is that means by which the court acquires jurisdiction. (*Ogdon v. Gianakos* (1953), 415 Ill. 591, 114 N.E.2d 686; *Alexander Lumber Co. v. Kellerman* (1934), 358 Ill. 207, 192 N.E. 913; *Austin Liquor Mart, Inc. v. Department of Revenue* (1974), 18 Ill. App. 3d 894, 310 N.E.2d 719; *Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 282 N.E.2d 452.) Process, by which the court acquires power or jurisdiction over the person, can take the form of a summons (Ill. Rev. Stat. 1977, ch. 110, par. 13) or of a subpoena (Ill. Rev. Stat. 1977, ch. 110, par. 62). It is the power acquired by service of summons that permits the court to compel discovery from parties to the action. It is the power acquired by service of subpoena that permits the court to compel discovery from nonparty deponents. (Ill. Rev. Stat. 1977, ch. 110A, par. 204.) It was the power acquired by service of notice of designation as respondent in discovery that permitted the Circuit Court of Rock Island County to compel discovery from Dr. Lardner in the same manner as from a defendant.

■■■ With the service of the aforementioned notice under the seal of the court, as with a summons and subpoena which issue under the authority represented by that same seal, jurisdiction over the person is acquired. Once a court acquires jurisdiction over the person, that jurisdiction continues until all issues of fact and law are determined. (*Fiore v. City of Highland Park* (1968), 93 Ill. App. 2d 24, 235 N.E.2d 23, *cert. denied* (1969), 393 U.S. 1084, 21 L. Ed. 2d 776, 89 S. Ct. 867; *Armour & Co. v. Mid-America Protein, Inc.* (1976), 37 Ill. App. 3d 75, 344 N.E.2d 639.) Dr. Lardner cannot appear specially and complain that the court has no jurisdiction over his person based upon actions which occurred in 1978, when in fact the court acquired in October of 1977, and retained throughout the period pertinent herein the necessary *in personam* jurisdiction.

■■ In further defense of the trial court's disposition of this matter we would note that any defect in a writ of summons, its service or return, apparent from inspection of the record, may be reached by motion to quash. (*Craig v. Sullivan Machinery Co.* (1931), 344 Ill. 334, 176 N.E. 353.) A motion to quash a writ of summons and return thereon will not lie, however, where inspection of the record discloses no defect in the writ, its service, or its return. (*Alexander v. Alexander* (1911), 161 Ill. App. 614.) In the case at bar the errors alleged are not defects in the writ, its service, or its return. Thus, even if the court did not retain continuing power over the person of Dr. Lardner, the motion to quash is not the appropriate remedy when the errors alleged center about defects in the pleadings.

For the reasons heretofore expressed, we reach the same conclusion as the court below: the special, limited appearance and motion to quash

must be denied. We are determining only the certified question and not expressing any opinion as to any other remedies or procedure which might be undertaken by Dr. Lardner or any party to this cause.

■■ Finally, we note that the plaintiff-appellee has filed no brief nor made any appearance before this court. In such circumstances the appellate court is not required to serve as an advocate for the appellee nor to search the record for the purpose of sustaining the judgment of the trial court. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) It is not, however, improper to do so where justice requires. Where, as here, the circuit court has expressly sought our review of its interlocutory order, we believe justice is better served by our detailed examination of the record.

We affirm the circuit court's decision on the certified question; however, we remand the case for further proceedings consistent with the views expressed herein.

Affirmed and remanded with directions.

STOUDER, P. J., and ALLOY, J., concur.