ANNIE HUGLEY, Adm'r of the Estate of Horace Hugley, Deceased, Plaintiff-Appellee, v. R. V. ALCARAZ *et al.*, Defendants-Appellants.

First District (1st Division)   No. 84—3094

Opinion filed May 30, 1986.

Cassiday, Schade & Gloor, of Chicago (Joseph A. Camarra and Kevin G. Burke, of counsel), for appellant.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring and Debra A. Thomas, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This interlocutory appeal is before us pursuant to our granting of defendant Dr. R. V. Alcaraz' petition for leave to appeal (87 Ill. 2d R. 308). Defendant appeals from an order of the circuit court of Cook County denying his motion to dismiss a medical malpractice action filed by plaintiff Annie Hugley. The issue certified to this court is whether plaintiff's right to refile an action within one year, pursuant to section 13—217 of the Code of Civil Procedure (the Code), following a voluntary dismissal overcomes her failure to name Alcaraz as a defendant within the statutory period prescribed in section 13—212 and her failure to change Alcaraz' status from a "respondent in discovery" to that of a defendant in the original action filed by her pursuant to section 2—402 of the Code. Ill. Rev. Stat. 1983, ch. 110, pars. 13—217, 13—212, 2—402.

The pertinent uncontested facts are as follows. Plaintiff filed her original action on February 6, 1981, alleging medical negligence in the treatment of her deceased husband on February 7, 1979. Plaintiff named Drs. Serafin Ilagan, Ismael Angulo and R. V. Alcaraz as "respondents in discovery" pursuant to section 2—402 of the Code which permits a plaintiff filing a medical malpractice action to name persons as respondents in discovery whom the plaintiff believes have information essential to the determination of who should be named as additional defendants. (Ill. Rev. Stat. 1983, ch. 110, par. 2—402.) Alcaraz was plaintiff's decedent's treating physician.

Plaintiff obtained service of summons on Drs. Ilagan and Angulo, but not Dr. Alcaraz. Ilagan and Angulo subsequently filed motions to dismiss them from plaintiff's suit based on plaintiff's failure to comply with the requirements of the respondent-in-discovery statute; plaintiff failed to name them as defendants, based on probable cause, within six months after naming them as respondents in discovery. The trial court granted their motions on September 21, 1981.

On December 9, 1983, plaintiff voluntarily dismissed her action pursuant to section 2—1009 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009). She subsequently refiled the action on February 4, 1984, pursuant to section 13—217 (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), naming Alcaraz as a defendant for the first time. In response, Alcaraz filed a motion to dismiss, alleging plaintiff's failure to comply with the applicable statute of limitations prescribed in section 13—212 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 13—212). Alcaraz contended that plaintiff failed to bring an action against him within two years of the date of the occurrence (February 7, 1979), or within two years of the date of discovery (February 6, 1981) or within

four years of the date of the occurrence (February 7, 1979).

Alcaraz further alleged that plaintiff failed to comply with the respondent-in-discovery statute; she failed to serve him with summons, to move to name him as a defendant within the statutory six-month period, and to provide evidence of probable cause to support a motion to name him as a defendant. As a final ground for dismissal, Alcaraz also contended plaintiff was estopped from naming him as a defendant in her refiled action based on the court's dismissal of Dr. Ilagan and Angulo from the original action because of her failure to comply with the respondent-in-discovery statute.

The trial court denied Alcaraz' motion based on its determination that, pursuant to *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796, a plaintiff has an absolute right to refile an action any time within one year following a voluntary dismissal, irrespective of his failure to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, as provided by section 13—217 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 13—217). Alcaraz subsequently filed a motion to certify this issue to our court. The trial court granted the motion, and we granted Alcaraz' petition for leave to appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308).

This case arises as a result of the difference in the way the legislature and the courts treat medical malpractice causes from other types of negligence actions. In no other field of law is there a creature known as a "respondent in discovery." This creature is the nucleus of the issue raised here. We, therefore, must determine to what extent Alcaraz' status as a defendant in plaintiff's refiled action was affected by his initial status as a respondent in discovery and plaintiff's failure to name him as a defendant in that action within the six-month statutory period. An understanding of that status and our disposition of this matter requires a verbatim statement of the various applicable statutes.

The statute providing for respondents in discovery is found in section 2—402 of the Code. It provides as follows:

> "Medical malpractice respondents in discovery. The plaintiff in any action based on an allegation of negligence in the performance of health care services may designate as respondents in discovery in his or her pleading those individuals, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

> Persons so named as respondents in discovery shall be re-

quired to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.

A person named a respondent in discovery may upon his or her own motion be made a defendant in the action, in which case the provisions of this Section are no longer applicable to that person.

A copy of the complaint shall be served on each person named as a respondent in discovery.

Each respondent in discovery shall be paid expenses and fees as provided for witnesses.

A person named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." (Ill. Rev. Stat. 1983, ch. 110, par. 2—402.)

The statute of limitations referred to in the respondent in discovery statute is found in section 13—212 of the Code. It provides as follows:

"Physician or hospital. No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death except as provided in Section 13—215 of this Act.

If the person entitled to bring the action is, at the time the cause of action occurred, under the age of 18 years, or under legal disability or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed." (Ill. Rev. Stat. 1983, ch. 110, par. 13—212.)

The statute authorizing the voluntary dismissal of a cause by a plaintiff is governed by section 2—1009 of the Code. It provides as follows:

"Voluntary dismissal. (a) The plaintiff may, at any time before

trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent.

(b) Counterclaimants and third-party plaintiffs may dismiss upon the same terms and conditions as plaintiffs." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009.)

The statute authorizing a party to commence a new action within one year, thereby extending the period of limitations, is found in section 13—217 of the Code. It provides as follows:

"Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction." Ill. Rev. Stat. 1983, ch. 110, par. 13—217.

It is to be noted that the only place a "respondent in discovery" is referred to in any of the involved statutes is section 2—402. Section 13—212 refers to "claimants" and establishes various periods of limitations within which they may bring a medical malpractice action. The voluntary dismissal action, section 2—1009, refers to "plaintiffs" and "defendants." Section 13—217 refers to the right of "plaintiffs" to refile an action within one year following a voluntary dismissal under section 2—1009. We further note that the provisions of the Code relat-

ing to the designation of parties also does not refer to "respondents in discovery," but merely provides that the party commencing the action be called the "plaintiff" and the adverse party be called the "defendant." Ill. Rev. Stat. 1983, ch. 110, par. 2—401(a).

■■ ■ The absence of any reference to respondents in discovery in these statutes thus emphasizes the singular nature of the status of respondents in discovery from that of plaintiffs, defendants or claimants. We also note the obvious difference between respondents in discovery and defendants from the fact that section 2—402 permits parties named as respondents in discovery to be named as defendants, "if the evidence discloses the existence of probable cause," and their right to be named a defendant on their own motion. In addition, our supreme court has held that a pleading naming parties respondents in discovery does not constitute a complaint at law; it is simply a discovery device filed for the purpose of obtaining information essential to the determination of who should be properly named as additional defendants. *Murphy v. Giardina* (1980), 82 Ill. 2d 529, 413 N.E.2d 399.

■ In light of the foregoing, we find that the dismissal of plaintiff's original action filed pursuant to section 2—402, naming Alcaraz as a respondent in discovery and not as a defendant within the six-month statutory period, was not an "action" against Alcaraz as the term is used in sections 2—1009, 13—212 and 13—217 which designate the parties as plaintiffs, defendants or claimants. We conclude, therefore, that: (1) plaintiff's voluntary dismissal of her original action without prejudice under section 2—1009 had no effect in preserving a claim against Alcaraz, as plaintiff argues, since he was never named as a defendant in that action; (2) plaintiff's naming of Alcaraz as a respondent in discovery and not as a defendant within six months in her original action, therefore, failed to toll the running of the statute of limitations prescribed in section 13—212 and, thus, plaintiff was barred from filing suit against Alcaraz as of February 7, 1983, some 10 months prior to her December 8, 1983, dismissal of her original action naming him as a respondent in discovery and almost a year before refiling her complaint naming Alcaraz as a defendant, for the first time; and (3) plaintiff, therefore, was barred from refiling her action under section 13—217 as to Alcaraz since the statute of limitations prescribed in section 13—212 had run.

■ We find further support for our conclusions based upon well-settled rules relating to statutes of limitations. First, a general statute of limitations does not apply to special statutory actions. General statutes of limitations apply to remedies and may be waived, while

special statutory actions create rights unknown to the common law on the condition that suit be brought in the time therein specified. *Wilson v. Tromly* (1949), 336 Ill. App. 403, 84 N.E.2d 177.

■■■ An action filed pursuant to the provisions of section 2—402 is a special statutory action if an action at all. It creates a procedural right to name a party as a respondent in discovery for the purpose of discovery against whom one may or may not have a cause of action. It opens the door to a substantive right of broad discovery unknown to the common law by which time is made an inherent element of the right. It permits the plaintiff to add a respondent in discovery as a defendant "if the evidence discloses the existence of probable cause" for such action. It extends the time within which an action could otherwise be brought against the respondent in discovery for six months after naming him or her as a respondent. Such a statute is not a statute of limitations. It is a condition of the liability itself and not of the remedy alone; such a provision is a condition precedent to plaintiff's right to seek a remedy. *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893.

On the other hand, the provisions of section 13—212 constitute a general statute of limitations permitting the filing of a malpractice case within two years after the date claimant knew or should have known of the malpractice, but in no event more than four years after the date of the occurrence. Sections 2—1009 and 13—217, authorizing voluntary dismissal of a case and extending the period of limitations, obviously apply to actions involving a plaintiff and defendant, not to special statutory actions such as section 2—402 creating a "respondent in discovery."

■ Accordingly, to permit plaintiff to toll the statute of limitations prescribed by section 13—212 and extend the period up to six months by naming Alcaraz as a respondent in discovery pursuant to section 2—402, and to allow plaintiff the right to dismiss her original action under section 2—1009 and refile the case under section 13—217, would do violence to the concept of statutes of limitations and the special remedy statute of section 2—402.

■ Finally, to rule that section 13—217 overcomes plaintiff's failure to comply with section 2—402 to move to name Alcaraz as a defendant would be contrary to the purpose and intent of section 2—402. The purpose of section 2—402 is obviously to permit an aggrieved party in a malpractice case to name parties not as defendants but as respondents to enable a plaintiff through liberal discovery rules to determine whether the respondent should be made a defendant. As previously stated, we do not believe that section 2—402 was intended

to extend the statute of limitations prescribed in section 13—212 up to a period of six months. That would be the result if this court affirmed the decision of the trial court. We hold, therefore, that the absolute right to refile an action within one year, pursuant to section 13—217 following a voluntary dismissal under section 2—1009, is barred where a plaintiff fails to successfully name a respondent in discovery as a defendant pursuant to section 2—402 and where the statute of limitations prescribed by section 13—212 has run. In light of our disposition of this matter, we do not address defendant's estoppel argument.

Accordingly, the trial court's order denying defendant Alcaraz' motion to dismiss is reversed and the cause is remanded to the trial court with directions that defendant's motion to dismiss be granted.

Reversed and remanded with directions.

LORENZ and PINCHAM, JJ., concur.