JEFFREY ANDERSON, SR., Conservator of the Estate of Earnest Earl Anderson, an Incompetent, Plaintiff-Appellant, v. HAMILCARS IN-TENGAN, Defendant-Appellee (St. Bernard Hospital *et al.*, Defendants).

First District (4th Division)   No. 1—88—1723

Opinion filed November 30, 1989.

1002

Stephen I. Lane, of Lane & Munday, of Chicago, for appellant.

Pamela L. Gellen and Susan Marzec Hannigan, both of Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellee.

JUSTICE McMORROW delivered the opinion of the court:

The conservator of the estate of Earnest Earl Anderson (Anderson) appeals from the trial court's dismissal of his medical malpractice claim against Hamilcars Intengan, M.D. (Intengan), on the ground that Anderson failed to exercise reasonable diligence in serving Intengan with summons pursuant to Illinois Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). Upon review, we conclude that Anderson's lack of diligence in serving Intengan in an earlier suit filed by Anderson in which Intengan was named as a respondent in discovery, and Anderson's subsequent voluntary dismissal of this suit against Intengan, is to be considered on the issue of whether Anderson exercised due diligence in serving Intengan with summons in a subsequently filed medical malpractice claim against Intengan. We further determine that the instant record does not contain sufficient facts to establish whether Anderson's suit was properly dismissed under Rule 103(b). As a result, we reverse and remand for further proceedings.

Anderson filed a medical malpractice suit against Intengan and others on August 18, 1987, and Intengan was served with summons with respect thereto on October 12, 1987. Intengan filed an appearance and a motion to dismiss Anderson's claim against him, based on Illinois Supreme Court Rule 103(b). In this motion to dismiss, Intengan represented that on June 28, 1978, Anderson had filed an action in discovery naming St. Bernard Hospital as defendant and naming Intengan as respondent in discovery. This action in discovery pertained to injuries sustained by Anderson in 1976. According to Intengan's motion to dismiss, Anderson took a voluntary nonsuit of the action in discovery on September 22, 1986. In the subsequent medical malpractice suit filed in 1987, Anderson sought recovery from Intengan for the same 1976 injuries which were the basis of his 1978 action in which Intengan was named, not as a defendant, but as a respondent in discovery. Intengan also represented that he had never been served with summons or a copy of Anderson's discovery pleading in the 1978 suit. On the basis of these facts, Intengan argued that Anderson's 1987 malpractice suit against him should be dismissed for failure to exercise reasonable dili-

gence in the service of summons pursuant to Illinois Supreme Court Rule 103(b).

Anderson's response to Intengan's motion to dismiss did not contest that he had earlier filed an action in discovery naming Intengan solely as a respondent in discovery, nor did Anderson contradict that the discovery suit had been voluntarily dismissed approximately eight years after it was filed. Anderson also did not dispute Intengan's assertion that he had never been served with summons in the discovery suit. Instead, Anderson asserted that Rule 103(b) does not apply to discovery suits, and that even if it does, dismissal with prejudice of Anderson's medical malpractice suit was improper because the statute of limitations had not expired on the malpractice claim. Based upon the pleadings and arguments of the parties, the trial court dismissed Anderson's claim against Intengan with prejudice, and Anderson appeals.

Anderson argues that the trial court's dismissal of his medical malpractice claim against Intengan was improper because Illinois Supreme Court Rule 103(b) does not apply where the person named as defendant in a refiled action was only named a respondent in discovery in the plaintiff's original suit. We disagree.

Illinois Supreme Court Rule 103(b) states in pertinent part:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." 107 Ill. 2d R. 103(b).

■■ The Illinois Supreme Court has held that a "ruling on Rule 103(b) dismissal motion, made following service of process of a refiled action, *** requires an examination of the plaintiff's diligence in the original action as well as in the refiled action even if service was never effected in the original action." (*Martinez v. Erickson* (1989), 127 Ill. 2d 112, 119, 535 N.E.2d 853; see also *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 521 N.E.2d 932; *Catlett v. Novak* (1987), 116 Ill. 2d 63, 506 N.E.2d 586.) This rule was adopted in order to further the following purposes of Rule 103(b):

"Nothing is more critical to the judicial function than the administration of justice without delay. [Citations.] Central to discharging this function, the judiciary must be unimpeded in considering and rendering judgments on matters before it. [Citations.] Rule 103(b) was adopted by this court to effectuate

its historical and constitutional mandate to render justices fairly and promptly.

Due diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit. In addition, service with due diligence, by promptly placing defendant on notice of a pending action, shortens the time needed to investigate, prepare and litigate the issues raised, thereby allowing the court to proceed expeditiously to a just resolution of the matter before it." *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 282, 492 N.E.2d 1322.

See also *Catlett v. Novak* (1987), 116 Ill. 2d 63, 69-71, 506 N.E.2d 586.

■ We hold that a ruling on a Rule 103(b) dismissal motion, made following service of process in a refiled medical malpractice action naming a party as a defendant rather than a respondent in discovery, requires an examination of the plaintiff's diligence in the original action (naming the party as a respondent in discovery) as well as in the refiled action (naming the party as a defendant), even if service was never effected in the original action. In our view, this ruling promotes the purpose of Rule 103(b) to promptly apprise individuals named in litigation so that they may either adequately defend their interests or assist in bringing the matter to a fair conclusion.

■ Anderson argues that his failure to exercise due diligence in serving summons upon Intengan, when Intengan was named as a respondent in discovery, should not be considered in a Rule 103(b) motion because a "respondent in discovery" is not a "defendant." However, the statutory enactment which creates the right to name a party a respondent in discovery in a medical malpractice suit explicitly provides that a respondent in discovery "shall be required to respond to discovery by the plaintiff in the same manner as are defendants" and that a "copy of the complaint shall be served on each person named as a respondent in discovery." (Ill. Rev. Stat. 1987, ch. 110, par. 2—402.) The Committee Comments with respect to the statute creating the right to name a party as a respondent in discovery also note, "Service of the complaint on a respondent in discovery should be made in the same manner as personal service would be made on the respondent were he a party defendant at the outset." (Ill. Ann. Stat., ch. 110, par. 2—402, Committee Comments, at 342 (Smith-Hurd 1983).) Once a party has been named a respondent in discovery and service of summons has been properly executed upon him, the court acquires *in personam* jurisdiction over that party for all purposes, and no further summons is required if the respondent in discovery is later made a defendant in the

suit. (*Whitley v. Lutheran Hospital* (1979), 73 Ill. App. 3d 763, 392 N.E.2d 729.) This precedent establishes that, once a party has been named a respondent in discovery, the party is entitled to the protections attendant to service of summons that would apply if the party had been named a defendant in the suit. Consequently, a failure to exercise reasonable diligence in effecting service upon a respondent in discovery is one of several relevant circumstances which should be considered (see, *e.g., Paglis v. Black* (1989), 178 Ill. App. 3d 1062, 534 N.E.2d 206) in a trial court's ruling upon a Rule 103(b) motion made by a party who was originally named a respondent in discovery and is subsequently renamed as a defendant in a refiled action.

The decision of *Hugley v. Alcaraz* (1986), 144 Ill. App. 3d 726, 494 N.E.2d 706, does not conflict with our holding in this cause. In *Hugley*, the plaintiff filed a medical negligence suit naming certain physicians as respondents in discovery. No service of summons was ever effected with respect to one of the respondent-physicians. The remaining respondent-physicians were properly served with summons and, upon their motion, were dismissed from the suit for the plaintiff's failure to name them as defendants within six months after instituting the action in discovery. Approximately two years later, plaintiff voluntarily dismissed her action. She refiled the suit approximately two months thereafter, naming as defendant the physician whom she had previously designated as respondent in discovery and who had not been served with summons in, nor dismissed from, her first lawsuit. The defendant physician filed a motion to dismiss, arguing that plaintiff's suit was barred by the applicable two-year statute of limitations. The trial court denied the motion to dismiss, and review was allowed by the appellate court by permissive interlocutory appeal (107 Ill. 2d R. 308).

Upon review, the appellate court reasoned that a respondent in discovery is not a "defendant" for purposes of those sections of the Code pertaining to the tolling of a statute of limitations upon voluntary dismissal of a complaint, and its refiling within one year thereafter (Ill. Rev. Stat. 1987, ch. 110, pars. 2—1009, 13—217), where the plaintiff failed to name the respondent in discovery as a defendant within six months of the initial filing of the complaint. The appellate court reasoned that this result was appropriate because an action naming a person as respondent in discovery "creates a procedural right *** [and] opens the door to a substantive right of broad discovery unknown to the common law by which time is made an inherent element of [that] right." (*Hugley*, 144 Ill. App. 3d at 734.) The court observed that "to permit plaintiff to toll the statute of limitations *** and extend the period up to six months by naming [the physician] as a respondent in

discovery \*\*\*, and to allow plaintiff the right to dismiss her original action \*\*\* and refile the case \*\*\* would do violence to the concept of statute of limitations and the special remedy statute [of naming a party respondent in discovery.]" (144 Ill. App. 3d at 734.) Consequently, the court held that "the absolute right to refile an action within one year \*\*\* following a voluntary dismissal \*\*\* is barred where a plaintiff fails to successfully name a respondent in discovery as a defendant \*\*\* and where the statute of limitations \*\*\* has run." 144 Ill. App. 3d at 735.

■■ In our view, the court's reasoning in *Hugley* supports the conclusion that the trial court's disposition of a Rule 103(b) motion by a party named a defendant, with respect to an action refiled within one year following voluntary dismissal, should take into consideration the plaintiff's diligence in serving summons upon that party in the plaintiff's original suit naming the party as a respondent in discovery. As in *Hugley*, to hold otherwise would be contrary to the purpose of Rule 103(b) and the statute creating the right to name a party as a respondent in discovery. If Rule 103(b) were inapplicable to the case at bar, a plaintiff could, by the expedient of taking a voluntary dismissal of the action in discovery and refiling the suit within a year naming the respondent in discovery as a defendant, exercise no diligence in serving summons upon the respondent in discovery and circumvent the statutory requirement that the respondent in discovery be named as defendant within the applicable statute of limitations. (See, *e.g., Browning v. Jackson Park Hospital* (1987), 163 Ill. App. 3d 543, 516 N.E.2d 797; *Arndt v. Resurrection Hospital* (1987), 163 Ill. App. 3d 209, 516 N.E.2d 1; *Flores v. St. Mary of Nazareth Hospital* (1986), 149 Ill. App. 3d 371, 502 N.E.2d 1.) We decline to adopt a position that would lead to such a result.

Having concluded that the trial court properly considered, in the context of Intengan's motion to dismiss Anderson's second suit naming Intengan as a defendant, whether Anderson exercised due diligence in serving summons upon Intengan in Anderson's first suit naming Intengan a respondent in discovery, we turn to the question of whether Anderson's second suit was properly dismissed with prejudice for failure to exercise due diligence under Rule 103(b).

■■ Anderson asserts that a Rule 103(b) dismissal can only occur with prejudice to a plaintiff's right to refile where the statute of limitations has expired during the pendency of the suit, and cites in support of this argument the Committee Comments to Rule 103(b), the Historical and Practice Notes to Rule 103(b) (see Ill. Ann. Stat., ch. 110A, par. 103(b), at 122 (Smith-Hurd 1985)), and the case of *People ex rel. Powell v. Luttrell* (1970), 130 Ill. App. 2d 241, 264 N.E. 2d 737 (Rule 103(b)

inapplicable to action by State to recover certain overdue taxes, since no statute of limitations governs such suits). Anderson maintains that the limitations period has not yet expired in this case, because he has been legally incompetent from the date of the occurrence giving rise to his cause of action against Intengan.

Intengan does not respond directly to Anderson's legal argument that dismissal with prejudice based upon Rule 103(b) is proper only where the statute of limitations has expired. Instead of disputing Anderson's legal argument, Intengan raises a factual assertion questioning whether Anderson was incompetent from the day of the occurrence giving rise to his claim against Intengan. However, Intengan's argument regarding Anderson's competency depends upon a factual determination which the present record is inadequate to resolve. We also note that Intengan did not file a motion to dismiss on the ground that the statute of limitations had expired, and that as a result, any disposition of this question on appeal would be premature. Consequently, Intengan's arguments upon review provide insufficient basis to affirm the trial court's ruling.

■ Intengan also contends that because a conservator was appointed to represent Anderson, and because that conservator has "demonstrate[d] an ability to bring a cause of action on [Anderson's] behalf and [has] demonstrate[d] an ability to prosecute that cause for nine years, it is unjust to allow a defendant to be belatedly added to the action." Intengan argues that he was never served with summons in the original 1978 suit naming him as a respondent in discovery. Thus, service of summons on him as a defendant in 1987 in the subsequently filed malpractice action was his first formal entrance into a lawsuit based upon injuries which occurred approximately 11 years earlier, in 1976. Intengan cites to no precedent to support this *laches* argument, however, and the issue is therefore waived upon review. 107 Ill. 2d R. 341(e)(7); *Vole, Inc. v. Georgacopoulos* (1989), 181 Ill. App. 3d 1012, 538 N.E.2d 205.

In light of these circumstances, the record and the parties' arguments on appeal do not provide adequate ground to affirm the trial court's ruling. Accordingly, we reverse the dismissal with prejudice of Anderson's claim against Intengan and remand the matter for further proceedings consistent herewith.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.