MALINDA ALLEN, Plaintiff-Appellant, v. THOREK HOSPITAL, Defendant (Arnold Kaplan *et al.*, Respondents-Appellees).

First District (6th Division)   No. 1—94—1782

Opinion filed October 6, 1995.

Barbara J. Clinite, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin, Diane I. Jennings, and Mark J. Lura, of counsel), for appellees.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

This appeal arises from the denial of a motion in a medical malpractice action to convert two physicians named as respondents in discovery to defendants. On April 8, 1993, plaintiff Malinda Allen filed a complaint alleging two separate injuries negligently caused during abdominal surgery for a hysterectomy performed on April 10, 1991. Plaintiff's complaint named Thorek Hospital and Medical

Center as a defendant, and designated Arnold Kaplan, M.D., and Hassan Shakir, M.D., as respondents in discovery. On October 12, 1993, plaintiff filed a motion for leave to file an amended complaint naming the respondents as defendants. On April 29, 1994, the court denied the motion ruling that under section 2—402 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—402 (West 1992)), plaintiff's motion was untimely because she had only until October 8, 1993, six months after filing her complaint, to file such a motion. We affirm.

On appeal, plaintiff contends that the trial court misinterpreted and misapplied the six-month extension period provided for converting respondents in discovery to defendants, thereby shortening the limitations period within which plaintiff could bring an action for her injuries. Plaintiff also contends that any defects resulting from her failure to serve the respondents in discovery with the original complaint were cured. The relevant facts are as follows.

On April 10, 1991, plaintiff underwent abdominal surgery at Thorek Hospital for a hysterectomy. Hassan Shakir, M.D., was the anesthesiologist, and Arnold Kaplan, M.D., was the surgeon. During intubation for anaesthesia, plaintiff's jaw was fractured. She also sustained damage to the ulnar nerve in her right arm. Immediately after surgery, plaintiff felt numbness in the arm and noticed that her fingers were somewhat curled. Prior to her discharge, plaintiff asked Kaplan about her right arm and hand.

The condition of plaintiff's arm worsened after she left the hospital. Six weeks later, plaintiff went to Kaplan for a check-up. She still had numbness and problems with swelling and curling of the fingers. Kaplan received a phone call during the consultation and left the office. Another physician, Dr. Chawla, returned to the examining room as a replacement for Kaplan. Chawla recommended physical therapy. Plaintiff began her therapy in the summer of 1991, and she continued to receive therapy until March 1992.

Plaintiff filed her complaint *pro se* on April 8, 1993. She named Thorek Hospital as a defendant and Shakir and Kaplan as respondents in discovery. The complaint contained one count and alleged that both injuries occurred on April 10, 1991. No other date of discovery was mentioned. In lieu of a physician's report normally required in medical malpractice actions under section 2—622 of the Code (735 ILCS 5/2—622 (West 1992)), plaintiff filed an affidavit explaining that "the consultation required could not be obtained before the expiration of the statute of limitations." The trial court granted plaintiff until October 26, 1993, to comply with section 2—622.

Plaintiff properly served Thorek Hospital with her complaint.

Neither of the respondents in discovery was served with a copy of the complaint as required by section 2—402 of the Code, nor did the plaintiff's summons name the respondents as persons to be served. It only named defendant Thorek Hospital's registered agent.

Plaintiff later obtained counsel to represent her in this action. On October 12, 1993, with the assistance of counsel, plaintiff filed a motion for leave to file a complaint naming the respondents as defendants. At an October 28, 1993, status hearing, the trial court scheduled an evidentiary hearing, as required by section 2—402, to determine whether plaintiff had probable cause to pursue an action against Shakir and Kaplan. On November 5, 1993, plaintiff's counsel mailed to both physicians a copy of the motion and notice of the evidentiary hearing, set for December 1, 1993.

On December 1, 1993, Kaplan attempted to file a special appearance but was told by the court that a respondent in discovery does not have to file any appearance. Kaplan, however, filed a memorandum opposing plaintiff's motion to convert him to a defendant. The evidentiary hearing was continued.

On December 15, 1993, plaintiff filed a memorandum in support of her motion to convert the respondents to defendants. She attached as an exhibit a copy of a proposed amended complaint containing two counts and naming three defendants: Thorek, Shakir, and Kaplan. Count I alleged that Shakir and other unnamed employees of Thorek Hospital fractured plaintiff's jaw during intubation of the anaesthesia on April 10, 1991. Count II asserted that Shakir, Kaplan, and Thorek negligently injured plaintiff's right arm during the surgery. Plaintiff further alleged in count II that she did not discover that her arm injury was wrongfully caused until February or March of 1992.

In response to plaintiff's brief, Kaplan filed another memorandum in January 1994. On March 3, 1994, Shakir was allowed to appear specially, and he also filed a memorandum opposing plaintiff's motion. Also, in both January and April of 1994, plaintiff filed two more memoranda replying to Kaplan's and Shakir's memoranda, respectively.

On April 29, 1994, the trial court conducted the hearing on plaintiff's October 12, 1993, motion for leave to file an amended complaint naming respondents Shakir and Kaplan as defendants. The court denied the motion, ruling that plaintiff's motion was untimely. The report of proceedings reveals that the court stated:

"[T]he complaint was filed April 8, 1993. And the six months ran on October 8, 1993. They filed their motion for leave to amend the complaint under 2—402 *** on 10-12-93, and I understand that Monday [October 11, 1993,] was a court holiday but it's clear

it had to be filed on Friday [October 8, 1993,] and it's clear to me under 2—402 ***. And because they did not comply with that six months, I'm going to deny the motion to convert."

■ Before addressing plaintiff's contentions, it is necessary to set forth the relevant statute pertaining to respondents in discovery. Section 2—402 of the Code states in pertinent part:

"The plaintiff in any civil action may designate as respondents in discovery in his or her pleadings those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

\* \* \*

A copy of the complaint shall be served on each person or entity named as a respondent in discovery.
\*\*\*

A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." 735 ILCS 5/2—402 (West 1992).

■ Plaintiff initially implies that the trial court denied leave to file an amended complaint based upon a statute of limitations defense. We find that plaintiff's contention misconstrues the trial court's order. The court based its ruling directly on the above statute, not the statute of limitations. It held that plaintiff failed to convert Shakir and Kaplan to defendants within six months of naming them as respondents in discovery. Also, the court never reached the issue of whether plaintiff had probable cause to name them as defendants because the court held that plaintiff failed to comply with this six-month provision.

Turning to plaintiff's arguments that deal directly with the six-month provision, plaintiff contends that she complied with the six-month extension period provided in section 2—402 for converting respondents in discovery to defendants. She advocates a reading of the statute's language contrary to that of the trial court.

The primary rule of statutory construction is to ascertain and give effect to the legislature's intention. The best source for ascertaining that intention is the language of the statute itself. (*Flores v. St. Mary of Nazareth Hospital* (1986), 149 Ill. App. 3d 371, 502 N.E.2d 1.) If a statute's meaning is clearly expressed in its language, the court cannot imply any other meaning. *Flores*, 149 Ill. App. 3d 371, 502 N.E.2d 1.

■ Section 2—402 states clearly that a respondent in discovery may be made a defendant within six months of being named a respondent in discovery, even if the limitations period for naming that person or entity as a defendant has already expired during that six-month period. (735 ILCS 5/2—402 (West 1992).) As long as a person or entity is named as a respondent in discovery within the limitations period, a plaintiff then has an additional six months from the time of filing to obtain information which may indicate that that person or entity should be made a defendant. (*Clark v. Brokaw Hospital* (1984), 126 Ill. App. 3d 779, 467 N.E.2d 652.) This six-month provision may only extend, and not foreshorten, any limitations period against a respondent in discovery. *Flores*, 149 Ill. App. 3d 371, 502 N.E.2d 1.

Plaintiff urges that the trial court misconstrued section 2—402 in denying her motion as untimely. Plaintiff argues that the six-month period should not run from the date of filing a complaint, but from the date the statute of limitations expired. Plaintiff underwent surgery on April 10, 1991. She filed her complaint on April 8, 1993. For both injuries, the earliest date that plaintiff's limitations period could have expired is April 10, 1993. Plaintiff argues that at least with regard to her jaw injury, she had until six months after April 10, 1993, to name the respondents as defendants. October 10, 1993, however, fell on a Sunday. October 11, 1993, was a court holiday observing Columbus Day. Thus, plaintiff argues that she was within the six-month provision by filing her motion to convert the respondents on Tuesday, October 12, 1993. We disagree.

The trial court correctly ruled that to comply with section 2—402, plaintiff had until Friday, October 8, 1993, to file her motion for leave to name the respondents in discovery as defendants. By filing on the following Tuesday, she was one day late. It is true that section 2—402 should never foreshorten a limitations period (*Flores*, 149 Ill. App. 3d 371, 502 N.E.2d 1), but that is not what happened here. Plaintiff admits that with regard to her jaw injury, the limitations period expired on April 10, 1993. Thus, when filing on October 12, 1993, plaintiff was well beyond the limitations period for her jaw injury. Section 2—402 did not foreshorten her limitations period; instead, it extended it until October 8, 1993, six months after naming the respondents in discovery.

We do not find persuasive plaintiff's argument that the fourth district has adopted the position she advocates. Plaintiff quoted the following language of the court:

"The six-month provision of section 2—402 of the Code means that a plaintiff has an *additional* six months beyond the date the

statute of limitations would otherwise have run in which to convert a respondent in discovery to a defendant." (Emphasis in original.) (*Engel v. St. Mary's Hospital* (1990), 198 Ill. App. 3d 174, 177, 555 N.E.2d 810, 812.)

At first glance, this language seems consistent with plaintiff's argument. A closer look at *Engel*, however, reveals that the court was merely giving a general explanation of the statute's possible effect if a plaintiff filed a complaint naming respondents in discovery on the last possible day available under the statute of limitations. Other cases have clearly determined that the six-month extension period begins on the day the plaintiff files a complaint naming respondents in discovery. (*Clark*, 126 Ill. App. 3d 779, 467 N.E.2d 652; *Arndt v. Resurrection Hospital* (1987), 163 Ill. App. 3d 209, 517 N.E.2d 1.) Here, plaintiff Allen filed on April 8, 1993, two days before April 10, 1993, the day the statute of limitations expired for at least one of her two injuries. Thus, as stated earlier, plaintiff had until October 8, 1993, to name Shakir as a defendant in an action alleging that her jaw injury was caused by negligence.

The trial court also did not use section 2—402 to foreshorten plaintiff's limitations period for her arm injury. Plaintiff contends that even if her motion was not filed within six months of her original complaint, the statute of limitations period for her arm injury had not yet expired as of October 12, 1993. Plaintiff argues that she did not discover that the injuries to her right arm were wrongfully caused until February or March of 1992, giving her until March of 1994 to bring an action. Thus, she contends, the trial court foreshortened the limitations period for her arm injury.

Nevertheless, as with her jaw injury, the record reveals that the limitations period for her arm injury had clearly expired prior to her filing of the October 12, 1993, motion brought pursuant to section 2—402. Again, section 2—402 served only to extend, and not to foreshorten, plaintiff's limitations period.

No medical malpractice action shall be brought more than two years after the date on which the plaintiff knew, or reasonably should have known, of the existence of the injury. (735 ILCS 5/13—212 (West 1992).) The limitations period begins to run when the patient knows that she was injured and that it was wrongfully caused. (*Paske v. Green* (1986), 142 Ill. App. 3d 367, 491 N.E.2d 1195.) Unreasonable assertions, however, attempting to avoid the statute of limitations are unavailing when it is clear from the undisputed facts that a plaintiff knew or should have known of her injury and that it was wrongfully caused. (*Ikenn v. Northwestern Memorial Hospital* (1979), 73 Ill. App. 3d 694, 392 N.E.2d 440.) In such a situation, the court

may determine the limitations issue as a matter of law. *Conley v. Springfield Clinic* (1985), 130 Ill. App. 3d 369, 474 N.E.2d 421.

The record establishes that plaintiff knew of her arm injury before she even left the hospital in April of 1991. Prior to discharge, she complained of numbness, swelling, and curling fingers. Six weeks after her surgery for a hysterectomy, she still experienced these same problems with her right arm. Even though the actual damage was to the ulnar nerve, problems such as numbness, swelling, and curling fingers are not latent or hidden symptoms. The undisputed facts show that plaintiff's assertion that she did not suspect wrongful conduct until almost a year later in March of 1992 is unreasonable.

■ Also, we disagree with plaintiff that because of a continuous course of negligent treatment, the statute of limitations for her arm injury was not triggered until March of 1992. (See *Cunningham v. Huffman* (1993), 154 Ill. 2d 398, 609 N.E.2d 321.) First, the continuing course of negligent treatment doctrine is generally used to determine when the statute of repose is triggered, not the statute of limitations. (*Cunningham*, 154 Ill. 2d 398, 609 N.E.2d 321.) Furthermore, neither respondent in discovery treated plaintiff continuously from April 1991 through March 1992. The last time Shakir treated plaintiff was on the day of the surgery, April 10, 1991. Kaplan stopped treating her on June 1, 1991, six weeks after surgery, when Chawla took over and recommended physical therapy.

We find that the latest the statute of limitations could have begun to run for her arm injury was the summer of 1991, the last time she saw Kaplan, and when plaintiff knew, or reasonably should have known, that physical therapy for an arm injury was not a normal or expected consequence of a hysterectomy. Thus, as of October 8, 1993, section 2—402 provided plaintiff with her only avenue toward naming Shakir and Kaplan as defendants in an action for an injury to her arm. By filing the motion on October 12, 1993, more than six months after naming them as respondents in discovery, plaintiff failed to comply with section 2—402.

■ Finally, although the trial court did not address this issue, we feel it is necessary to discuss plaintiff's failure to serve the respondents in discovery with her original complaint filed in April 1993. This inaction provided a further reason for denying plaintiff's motion to convert the respondents in discovery to defendants. Section 2—402 specifically requires that "[a] copy of the complaint shall be served on each person or entity named as a respondent in discovery." 735 ILCS 5/2—402 (West 1992).

The leading case discussing this requirement is *Whitley v. Lutheran Hospital* (1979), 73 Ill. App. 3d 763, 392 N.E.2d 729. Process is

that means by which the court acquires jurisdiction over a respondent in discovery. (*Whitley*, 73 Ill. App. 3d 763, 392 N.E.2d 729.) Once a party has been named a respondent in discovery and service of summons has been properly executed upon him, the court acquires *in personam* jurisdiction over that party for all purposes. (*Anderson v. Intengan* (1989), 191 Ill. App. 3d 1001, 548 N.E.2d 479.) Service on respondents in discovery permits a court to compel discovery from those individuals so designated. *Whitley*, 73 Ill. App. 3d 763, 392 N.E.2d 729.

In her reply brief, plaintiff acknowledges that service is the method by which a court acquires jurisdiction over a respondent in discovery. Plaintiff then asserts, however, that service of process is not a prerequisite to converting a respondent in discovery to a defendant. We find these two contentions irreconcilable. Before granting a motion to convert respondents in discovery to defendants, a court must hold an evidentiary hearing to review the discovery materials showing that a plaintiff now has probable cause to name the respondents as defendants. (*Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 452 N.E.2d 7.) Without service, a plaintiff has no power to compel such discovery, and a court would have no jurisdiction over the respondents. (See *Whitley*, 73 Ill. App. 3d 763, 392 N.E.2d 729.) Thus, even if her October 12, 1993, motion was timely filed, plaintiff's motion could have then been denied on the basis that failure to serve the respondents with a copy of the complaint deprived the court of jurisdiction over them.

We disagree with plaintiff's contention that the respondents waived this service argument by making general appearances. Plaintiff cites an abundance of authority on how a party to a lawsuit can make a general appearance. It is well settled, however, that a respondent in discovery is not a party to a lawsuit. (*Hugley v. Alcaraz* (1986), 144 Ill. App. 3d 726, 494 N.E.2d 706; *Whitley*, 73 Ill. App. 3d 763, 392 N.E.2d 729.) Respondents in discovery are not even required to make appearances. "Their failure to file appearances is legally irrelevant." *Browning v. Jackson Park Hospital* (1987), 163 Ill. App. 3d 543, 547, 516 N.E.2d 797, 800.

Moreover, plaintiff's contention is further without merit because neither of the respondents made a general appearance. The appellees learned for the first time that plaintiff named them as respondents in discovery in November 1993. On December 1, 1993, Kaplan attempted to file a special and limited appearance, but the court told him that it was not necessary. The court merely granted him leave to file two memoranda opposing plaintiff's motion to convert him to a defendant. In both memoranda, he argued that the court had no jurisdic-

tion because he was never served. Shakir was allowed to file a special appearance on March 3, 1994, with his memorandum opposing the plaintiff's motion and arguing lack of jurisdiction. Neither respondent waived the argument that plaintiff failed to comply with the service requirement in section 2—402.

Finally, we disagree with plaintiff's contention that the appellees' interpretation of the service requirement in section 2—402 contradicts Supreme Court Rule 103(b). (134 Ill. 2d R. 103(b).) Supreme Court Rule 103(b) states that an action may be dismissed without prejudice if a plaintiff "fails to exercise reasonable diligence to obtain service" before the statute of limitations runs, and the action can be dismissed with prejudice if a plaintiff fails to do so after the statute of limitations has run. (134 Ill. 2d R. 103(b).) A Rule 103(b) dismissal "may be made on the application of any defendant or on the court's own motion." 134 Ill. 2d R. 103(b).

Plaintiff properly points out that this rule focuses on diligence. Its applicability to this case, however, is tangential at best. Neither the court nor any of the participants moved to dismiss based on Rule 103(b). Nevertheless, we will briefly discuss one case that linked section 2—402 and Rule 103(b).

In *Anderson v. Intengan* (191 Ill. App. 3d 1001, 548 N.E.2d 479), a physician defendant moved to dismiss a complaint pursuant to Rule 103(b) based on plaintiff's lack of due diligence in obtaining service. Years earlier, the plaintiff in the case had named the physician as a respondent in discovery in an action based on the same occurrence, but the plaintiff failed to effectuate service upon the respondent. Plaintiff then voluntarily dismissed her original action and refiled within a year naming the physician as a defendant. The appellate court held that, in reviewing the Rule 103(b) motion on the refiled action, the lower court was required to consider the plaintiff's lack of diligence in obtaining service in both the original action and the refiled action. The court explained that if it held otherwise:

> "[A] plaintiff could, by the expedient of taking a voluntary dismissal of the action in discovery and refiling the suit within a year naming the respondent in discovery as a defendant, exercise no diligence in serving summons upon the respondent in discovery and circumvent the statutory requirement that the respondent in discovery be named as defendant within the applicable statute of limitations." *Anderson,* 191 Ill. App. 3d at 1007, 548 N.E.2d at 482.

Likewise, the importance we place on the service requirement in section 2—402 is consistent with the spirit of Rule 103(b). In this action, plaintiff never served either of the respondents with a copy of

the April 8, 1993, complaint. The summons did not list them as individuals to be served. Nor did she serve them with a copy of the filed complaint during the six-month extension period between April and October of 1993. Furthermore, even during the next six months after the October 12, 1993, motion was filed and before the April 29, 1994, hearing was conducted, plaintiff never served the respondents with a copy of the original complaint. She only mailed them a copy of the proposed amended complaint for which she sought leave to file. Contrary to plaintiff's position, Rule 103(b) actually bolsters the appellees' point that plaintiff erred in failing to serve them.

In sum, we agree with the appellees that plaintiff failed to comply with section 2—402 in two ways. She never served them with a copy of the filed complaint, and she did not make a motion to convert them to defendants within six months of naming them as respondents in discovery. "[W]hen a plaintiff relies solely on section 2—402 to avoid the preclusive effect of a statute of limitations, he must comply with *all of the provisions* of that section." (Emphasis added.) (*Flores*, 149 Ill. App. 3d at 376, 502 N.E.2d at 4.) Thus, the trial court properly denied plaintiff's motion for leave to name Shakir and Kaplan as defendants.

For the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN and ZWICK, JJ., concur.